UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| ROLAND MORENO, Individually; RHONDA WHITE, Individually and as Mother, and Next Friend of M.M., a minor, and as Representative of the Estate of Marshall Moreno, Deceased; and RITA MORENO, Individually and as Executrix of the Estate of Marshall Moreno,<br><br>        Plaintiffs,<br><br>v.<br><br>OFFICER ALBERT SANCHEZ and CITY OF DALLAS d/b/a DALLAS POLICE DEPARTMENT,<br><br>        Defendants. | §§§§§§§§§§§§§§§§§§ | CIVIL ACTION NO. 3:13-CV-4106-B |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Rita Moreno's Motion for Leave of Court to Amend Pleading (doc. 35), filed on June 6, 2014. For the reasons stated below, Plaintiff's Motion is **GRANTED**.

### I.

### BACKGROUND

This case arises out of the death of Marshall Moreno. Plaintiffs allege that Mr. Moreno died as a result of excessive force used against him by officers of the Dallas Police Department, including Defendant Albert Sanchez. As a result, Plaintiffs have brought suit for violations of Mr. Moreno's constitutional rights, intentional infliction of emotional distress, and wrongful death.

*A.    Consolidated Case*

On October 9, 2013, Plaintiff Rita Moreno, as executrix for the Estate of Marshall Moreno, sued Defendants City of Dallas and Unknown John Doe Dallas Police Officers under 42 U.S.C. §§ 14141, 1983 and state law. The matter was originally before the Honorable Barbara M.G. Lynn as *Moreno v. City of Dallas*, No. 3:13-CV-4086-M. On October 10, 2013, a second, related case was filed by Plaintiffs Roland Moreno, individually and as representative of the Estate of Marshall Moreno, and Rhonda White, individually, as next friend of minor M.M., and as representative of the Estate of Marshall Moreno. Doc. 1. The second case has always proceeded before this Court as it is captioned above—*Moreno v. Sanchez*, No. 3:13-CV-4106-B. On March 10, 2014, pursuant to an order from Judge Lynn, the first case—*Moreno v. City of Dallas*—was transferred to this Court. On March 31, 2014, the Court consolidated the case with *Moreno v. Sanchez*, and the consolidated case now proceeds under the above cause number and caption. Doc. 31.

B.     *Pending Motions*

Prior to the Court's consolidating the two cases, Defendant City of Dallas filed motions to dismiss in both matters. In the present case, Defendant filed an initial motion to dismiss on November 15, 2013. Doc. 8. Thereafter Plaintiffs obtained leave of court to amend their complaint (doc. 12),[1] and, on December 31, 2013, Defendant filed a second motion to dismiss (doc. 15). That motion is currently ripe and pending the Court's review. In the matter initiated by Plaintiff Rita Moreno originally before Judge Lynn, Defendant City of Dallas filed a motion to dismiss (doc. 30) on March 28, 2014. That motion is also ripe and pending the Court's review.

II.

---

[1] On April 21, 2014 th Court found Defendant's motion to dismiss moot in light of Plaintiff's Amended Complaint. Doc. 32.

## LEGAL STANDARD

"It is settled that the grant of leave to amend the pleadings pursuant to Rule 15(a) is within the discretion of the trial court." *Zenith Radio Corp. v. Hazeltine Research Inc.*, 401 U.S. 321, 330 (1971). Leave should be freely given "when justice so requires" Fed. R. Civ. P. 15(a)(2). However, granting leave to amend "is by no means automatic." *Wimm v. Jack Eckerd Corp.*, 3 F.3d 137, 139 (5th Cir. 1993). The district court may consider such factors as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of the amendment." *Inline Corp. v. Tricon Restaurants Int'l*, No. 3:00–CV–0990, 2002 WL 1331885, at *1 (N.D. Tex. June 14, 2002)(citing *Wimm*, 3 F.3d at 139). "When . . . a party files a motion to amend by the court-ordered deadline, there is a 'presumption of timeliness.'" *Id.* (quoting *Poly-America, Inc. v. Serrot Int'l Inc.*, No. 3:00–CV–1457, 2002 WL 206454, at *1 (N.D. Tex. Feb. 7, 2002)).

## III.

## ANALYSIS

In her Motion, Plaintiff Rita Moreno seeks leave to file her First Amended Complaint. The amended pleading names the City of Dallas, Unknown John Doe Dallas Police Officers, and, for the first time, Jeffrey Debevec, Ryan Hales, and Francisco Nevarez as defendants. Doc. 35-1. The pleading also includes more facts about Defendant City of Dallas, including the City's alleged custom of encouraging "officers to act with any amount of force they choose, without any regard for the Constitutional rights of the person they are attempting to detain and demonstrates a system by which these acts were concealed." *Id.* at 5.

Defendants Albert Sanchez and the City of Dallas oppose Plaintiff's Motion. They point out

that Plaintiff has been a litigant for over eight months and has known that entire time she would name additional police officers. Defs.' Resp. 2–3. Now, after Defendants have already filed three motions to dismiss, Plaintiff has named three new officers as defendants. *Id.* Defendants argue the addition of these parties imposes a burden on them as well as on the Court because it may require the filing of new answers and motions to dismiss. *Id.* at 2. These could, in turn, undermine the Court's existing deadlines. *Id.* at 3. In addition, Defendants insist that Plaintiff's filing violates the Court's February 10, 2014 Scheduling Order (doc. 24), as it comes after the deadline for amended pleadings and joinder of new parties.

After reviewing the parties' arguments, the circumstances of the case, as well as the relevant law, the Court concludes that Plaintiff's Motion should be granted. As an initial matter, Plaintiff's alleged violation of the Court's Scheduling Order bears some explanation. Though Defendants are technically correct that the deadline to amend pleadings or join new parties (March 12, 2014) expired prior to Plaintiff's filing her present motion, Defendants fail to acknowledge that (1) the Scheduling Order pre-dated the consolidation of Plaintiff's case with the present matter, and (2) no scheduling order had been issued in Plaintiff's original case, No. 3:13-CV-4086-M. Consequently, though the Court recognizes that the date to amend had in fact lapsed, it is unpersuaded that this is evidence of undue delay, dilatory motive, or bad faith on the part of Plaintiff.

The Court is similarly unpersuaded by Defendants' argument that it should deny leave because Defendants have already filed three motions to dismiss. Two of the motions to dismiss were filed with respect to pleadings filed by plaintiffs other than Rita Moreno. Docs. 8, 15. Indeed, Defendants have only filed one motion to dismiss with respect to Plaintiff's complaint. Doc. 30. To be sure, Plaintiff's new filing may well require additional pleadings from Defendants. However,

additional briefing often comes as a result amended filings. Further, the Court is required to grant leave "freely when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 182 (1962) (stating that Rule 15's mandate "is to be heeded"). Given the early stage of the litigation and the fact that Plaintiff's proposed complaint does not materially change the complexion of this case, the Court is unpersuaded that it should deny leave simply because Defendants may have to file another motion to dismiss or new answers.

The Court is also unmoved by Defendants' statement that Plaintiff has known for eight months that there might be additional police officers to name as defendants. As Defendants note in their own citation's parenthetical, what is relevant to the Court is whether facts in an amended complaint were known to a party when the original complaint was filed. Defs.' Resp. 2 (citing *In re Southmark Corp.*, 88 F.3d 311, 315 (5th Cir. 1996). Here, Defendants have nowhere alleged or offered evidence to suggest that Plaintiff knew the identities of the three new defendants at the time of her original filing. Instead, Defendants have simply pointed out that Plaintiff was aware that new officers might be named. This is hardly damning.

In sum, the Court concludes that Defendants have failed to demonstrate undue delay, prejudice, or bad faith. Nevertheless, the Court finds merit to Defendants' request that another Rule 26(f) conference be held so that the consolidated case may proceed on a schedule that best promotes effective case management and the just resolution of the parties' disputes. Accordingly, the Court **GRANTS** Plaintiff's Motion and instructs her to file her Amended Complaint with the Court. The Court further **ORDERS** counsel for the parties, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, to meet and confer for purposes of submitting a **joint** status report that shall be used by the Court to create a revised scheduling order to the extent the Court deems one necessary.

IV.

CONCLUSION

For the foregoing reasons, Plaintiff's Motion is **GRANTED**. Plaintiff is instructed to file her Amended Complaint with the Court **no later than FRIDAY, July 11, 2014**. In addition, counsel for all parties are directed to meet and confer and submit a joint status report **no later than TUESDAY, July 29, 2014.**

SO ORDERED.

SIGNED: July 8, 2014.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE